## JOHN HENDEE

### *v.*

### CARRIE R. HOWE et al.

A judgment creditor of a mortgagor, who had been made a party defendant to a bill to foreclose a mortgage (a prior lien on the premises), before answering, and with intent to redeem the mortgage, tendered the complainant the amount due thereon, together with the accrued interest and taxed costs, which he, without objecting to the amount of costs, refused to accept.—*Held*, that his conduct was obstructive and vexatious, and that he must pay the costs of a cross-suit to redeem, although it appeared that the costs of notice to an absent defendant in the foreclosure suit were unknown to the clerk, and had not been taxed or tendered. The judgment creditor, however, was decreed to pay those costs.

Bill to foreclose first mortgage. Cross-bill of judgment creditor of mortgagor to redeem. On final hearing on pleadings and proofs.

*Mr. L. Newcomb,* for complainant in original suit.

*Mr. S. M. Dickinson,* for complainant in cross-suit.

THE CHANCELLOR.

The original suit was brought to foreclose a mortgage on land in Cumberland county, given by William H. Swift to John Hendee, the complainant in that suit, dated June 13th, 1877, and made to secure the payment of $800 in one year, with interest payable semi-annually. The cross-bill was filed by Carrie R. Howe to redeem the mortgage. She is a judgment

creditor of the mortgagor. Her judgment was recovered in the Cumberland circuit court in October, 1877, for $1,654, debt and costs. The bill in the original suit was filed December 19th, 1879. The judgment creditor answered January 20th, 1880. On the 16th of that month she, with a view to redeeming the mortgage, tendered to Mr. Hendee the full amount of principal of the mortgage, and the interest thereon, and the costs of the suit as taxed. The tender was refused. Hendee says it was accompanied with the condition that he should execute an assignment of the mortgage to Miss Howe, but I am satisfied, from the proof, that what was demanded was merely a receipt or acknowledgment of the payment and the delivery of the bond and mortgage. Hendee alleges that he was not told that the tender was in behalf of Miss Howe, but the weight of evidence is to the contrary, and it is clear that he and his solicitor knew that it was made for her. There is no proof that there was anything more due for costs than was tendered. When the tender was made there was no objection to the amount of costs. It was not alleged that costs had been incurred which were not known in the clerk's office—cost of notice to an absent defendant—and that therefore the costs taxed by the clerk were not the full amount of the costs of the suit up to that time. The cross-bill states that the full amount of principal, interest and costs as taxed was tendered. The answer to that bill merely denies this, and alleges that there was more money due at the time for principal, interest and costs than was tendered. No objection whatever was made, at the time of the tender, to the amount tendered. The answer is silent as to the refusal to accept the tender. It is apparent that the conduct of Hendee was obstructive and vexatious. Miss Howe had a right to redeem. Her judgment is admitted by the answer to the cross-bill. Hendee, by his refusal to permit her to redeem, has unnecessarily and vexatiously put her to the expense of the cross-suit, and he should pay the costs of it. On the filing of the cross-bill the amount tendered was paid into court. Miss Howe will be permitted to redeem, on paying such taxable costs incurred in the original suit as were not included in the bill of

costs as taxed.   Hendee is of course entitled to the money paid
into court.